UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| United States of America<br><br>v.<br><br>MARK RICHARD BROWN,<br><br>                *Defendant.* | **Protective Order**<br><br>**22 Cr. 39 (PMH)** |

Upon the application of the United States of America and the defendant having requested discovery under Fed. R. Crim. P. 16(a)(1)(E), the Court, pursuant to Rule 16(d) of the Federal Rules of Criminal Procedure, and pursuant to Title 26, United States Code, Section 6103(h)(4)(D) and Title 26, United States Code, Section 6105(a), and in due consideration of the congressional policy favoring the confidentiality of tax returns and return information, as well as tax convention information, as set forth in Title 26, hereby finds and orders as follows:

1. **Disclosure Material and Sensitive Information.** The Government will make disclosure to the defendant of documents, objects, and information, including electronically stored information ("ESI"), pursuant to Federal Rule of Criminal Procedure 16, 18 U.S.C. § 3500, and the Government's general obligation to produce exculpatory and impeachment material in criminal cases, all of which will be referred to herein as "Disclosure Material."

2. **Sensitive Information.** The Government's Disclosure Material may include the following information ("Sensitive Information"): (i) affects the privacy and confidentiality of individuals and entities, or concerns sensitive business interests; (ii) will impede the Government's investigation or prosecution if prematurely disclosed; (iii) is not authorized to be disclosed to the public or disclosed beyond that which is necessary for the defense of this criminal case; or (iv) the broad disclosure of which would pose safety risks to individuals. Such information includes, but

is not limited to, tax return and return information (as defined in 26 U.S.C. § 6103), tax treaty and convention information (as defined in 26 U.S.C. § 6105), and sensitive personal information (including but not limited to, names, social security numbers, dates of birth, private telephone numbers, personal addresses, or other private information).  The Government shall clearly identify any Disclosure Material designated as Sensitive Information at the time of production.  Nothing in this Order shall be interpreted as an agreement by the defendant that material designated by the Government pursuant to this paragraph is properly designated Sensitive Information.

3. **Facilitation of Discovery.**  The entry of a protective order in this case will permit the Government expeditiously to produce Disclosure Material and Sensitive Information without further litigation or the need for substantial redactions.  It will also afford the defense prompt access to such materials, in substantially unredacted form, which will facilitate the preparation of the defense.

4. **Good Cause.**  There is good cause for entry of the protective order set forth herein.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

5. Disclosure Material shall not be disclosed by the defendant or defense counsel, including any successor counsel, other than as set forth herein, and shall be used solely for purposes of defending this action.  Disclosure Material shall not be disclosed by defense counsel to anyone other than the Defendant and any agent working at the direction of defense counsel in this matter (collectively, together with defense counsel, the "Defense").

6. All persons to whom Disclosure Material is disclosed in accordance with this provision shall be subject to the terms of this Order.  To the extent Disclosure Material is disclosed pursuant to this paragraph, defense counsel shall first provide each person(s) receiving such material with a copy of this Order and instruct such person(s) that they are bound by the terms of this Order.

Defense counsel shall make reasonable efforts to maintain a record of what Disclosure Material has been disclosed to Designated Persons pursuant to this Order.

7. Notwithstanding the provisions of Paragraphs 5 and 6, the Defense may review Disclosure Material with others, including potential witnesses ("Potential Witnesses") and their counsel, as necessary to prepare the defense, but shall not permit Potential Witnesses to make or retain copies of Disclosure Material. To the extent Disclosure Material is disclosed to Potential Witnesses, defense counsel shall first instruct each Potential Witness as to the terms of this Order and instruct such Potential Witness(es) that they are bound by the terms of this Order. Defense counsel shall make reasonable efforts to maintain a record of what Disclosure Material has been disclosed to Potential Witnesses pursuant to this Order.

8. The Defense shall not post any Disclosure Material on any Internet site or network site to which persons other than the parties hereto have access, and shall not disclose any Disclosure Material to the media or any third party except as set forth herein. Subject to the restrictions applicable to Sensitive Information set forth herein, this provision shall not prevent the filing of Disclosure Material for purposes of any judicial proceeding.

9. Sensitive Information so designated by the Government, including any copies thereof or excerpts therefrom, may be disclosed by defense counsel to the defendant for review at the offices of defense counsel, or in the presence of defense counsel, including by remote video or teleconference, for purposes related to this case. Notwithstanding the foregoing, the defendant shall not maintain, retain, or keep copies or notes of Sensitive Information outside of the presence of defense counsel. All Sensitive Information shall be maintained by defense counsel in a safe and secure manner.

10. Unless authorized in writing by the Government or by an order of this Court, no Sensitive Information, or information derived therefrom, shall be filed publicly whether excerpted within a filing or as an attachment to a filing. Any filings incorporating, containing, or referencing Sensitive Information shall be redacted and/or filed under seal.

11. In the event of any dispute as to the Government's designation of particular material as Sensitive Information, including any assertion that designation of particular material as Sensitive Information will materially impede defense counsel's efforts to prepare a defense, the parties shall meet and confer regarding such dispute, without prejudice to defense counsel's ability to see de-designation of such material by the Court.

12. The Government may authorize, in writing, disclosure of Disclosure Material, including Sensitive Information, beyond that otherwise permitted by this Order without further Order of this Court.

13. This Order does not prevent the disclosure of any Disclosure Material, including Sensitive Information, in any judicial proceeding in this action, or to any judge or magistrate judge, for purposes of this action. All public filings shall separately comply with the privacy protection provisions of Federal Rule of Criminal Procedure 49.1.

### *Return or Destruction of Disclosure Material*

14. Except for Disclosure Material that has been made part of the record of this case, the Defense shall return to the Government, or securely destroy or delete, all Disclosure Material within thirty (30) days of the expiration of the period for direct appeal from any verdict in the above-captioned case; the period of direct appeal from any order dismissing any of the charges in the above-captioned case; or the granting of any motion made on behalf of the Government dismissing any charges in the above-captioned case, whichever date is later.

*Retention of Jurisdiction*

15. The provisions of this Order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order until the Court orders otherwise.

16. This Order may be signed in counterparts and transmitted by facsimile and/or electronic copy, each of which counterparts will be deemed to be an original and which taken together will constitute the Order.

**SO ORDERED:**

Dated: White Plains, New York
       April 27, 2022

THE HONORABLE PHILIP M. HALPERN
United States District Judge
Southern District of New York

**AGREED AND CONSENTED TO:**

DAMIAN WILLIAMS
United States Attorney
Southern District of New York

By: _____    Date: 4/27/2022
Benjamin D. Klein
Assistant United States Attorney


By: _____    Date: 4/27/2022
Elizabeth K. Quinn, Esq.
Counsel for Defendant Mark Richard Brown